UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMARCUS MORAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:07-CV-171 WL |
| | ) |
| BRAD ROGERS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Demarcus Moran, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Moran alleges that while a pretrial detainee at the Elkhart County Jail, he experienced poor living conditions. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

Mr. Moran contends that there is mold on the walls. A mild allegoric reaction (such as coughing, sneezing, sore throat, or watering eyes) is merely inconvenient, uncomfortable, and unpleasant, but it is not a denial of the minimal civilized measure of life's necessities. However, Mr. Moran asserts that he is experiencing breathing problems and his heart has been cramping on him. Serious breathing and heart problems are not mild allergic reactions to the mold. While it may be difficult to prove with medical evidence that the mold caused Mr. Moran's health problems, giving Mr. Moran the reasonable inferences to which he is entitled at this stage of the proceeding, Mr. Moran has stated a claim against Brad Rogers in his individual capacity for compensatory damages.

Mr. Moran also alleges that the walls leak and that there are leaches in the shower. He does not allege, and based on this complaint it would not be reasonable to infer, that he was actually injured because of the leaking walls and the leaches. Merely observing, but not being injured by, potentially dangerous conditions, does not state a claim. *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim of deliberate indifference . . .."). As a result, these claims will be dismissed.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Brad Rogers in his individual capacity for compensatory damages on his claim for being housed where mold grows on the walls;

(2) **DISMISSES** all other claims;

3

(3) **DIRECTS** the clerk to ensure that a copy of this order is served on Brad Rogers along with the summons and complaint;

(5) **DIRECTS** the United States Marshals Service to effect service of process on Brad Rogers; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Brad Rogers, respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the two claims for which this *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: April  24  , 2007

                                 s/William C. Lee
                                 William C. Lee, Judge
                                 United States District Court